72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MD PHARMACEUTICAL, INC., Petitioner,
v.
DRUG ENFORCEMENT ADMINISTRATION, Respondent,
Johnson Matthey, Inc., Intervenor.
 No. 95-1267.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 2, 1996.
 
 Before: GINSBURG, ROGERS and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on the record from the Drug Enforcement Administration and on the briefs and arguments by both parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated below, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review from the Drug Enforcement Administration's order of May 8, 1995 registering Johnson Matthey, Inc. as a bulk manufacturer of methylphenidate, a Schedule II controlled substance, be denied.
 
 
 3
 We find no merit in petitioner's argument that the DEA's proposal to amend 21 C.F.R. Sec. 1301.43(a) (1993) improperly influenced its decision to grant Johnson Matthey's application. As petitioner acknowledged at oral argument, the record contains no evidence supporting this allegation.
 
 
 4
 We also reject petitioner's argument that, because the DEA had earlier denied Alra Laboratories' application to manufacture controlled substances, see Alra Laboratories, Inc., 59 Fed.Reg. 50,620 (1994), aff'd, Alra Laboratories, Inc. v. Drug Enforcement Agency, 54 F.3d 450 (7th Cir.1995), it abused its discretion in granting Johnson Matthey's application. Since Alra's regulatory violations were not only more numerous and prolonged, but also of a different nature than those committed by Johnson Matthey, the DEA's decision to treat these applications differently was clearly within the bounds of its discretion.
 
 
 5
 We do not agree with petitioner that the DEA erred by giving too little weight to its findings under 21 U.S.C. Sec. 823(a)(5) (1994) regarding Johnson Matthey's "past experience in the manufacture of controlled substances." We generally defer to an agency's decision regarding the weight that it assigns to one factor in a multi-part balancing test, so long as its decision is consistent with the governing statute. See, e.g., Air Line Pilots Ass'n v. Department of Transp., 791 F.2d 172, 177-78 (D.C.Cir.1986). Petitioner has pointed to nothing in the statute or its legislative history suggesting that the agency must give any particular weight, let alone dispositive weight, to an applicant's past experience in manufacturing controlled substances.
 
 
 6
 At oral argument, counsel for petitioner stated that petitioner was not claiming that the DEA erred by registering Johnson Matthey without making any favorable findings under Sec. 823(a)(1) or (a)(3). Although the agency addressed this issue in its brief, see Brief for Respondent at 23, we thus need not resolve it. Had this issue been before us, however, we would have had difficulty in understanding how the DEA could have concluded that the registration was "consistent with the public interest" when the agency not only failed to find that the registration would serve any of the public benefits identified under Sec. 823(a)(1), (a)(3), or (a)(6), but also failed to make any findings regarding the risk of diversion under Sec. 823(a)(1).
 
 
 7
 The Clerk is ordered to withhold issuance of the mandate herein until seven days after disposition of any timely petitions for rehearing. See D.C.Rule 41.